UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| COUNTRYSIDE VILLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-116 |
| | ) | |
| SONJI SCARBORO, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* defendant Sonji Scarboro filed a notice of removal related to a dispossessory proceeding from the Magistrate Court of Effingham County, Georgia. *See generally* doc. 1. She moved to proceed *in forma pauperis*. Doc. 2. The Clerk notified her that her Notice of Removal was defective for failing to attach the state court pleadings. *See* doc. 6 at 1. She did not respond to the Clerk's Notice and all mail addressed to her has been returned. *See* docs. 7 & 8. It, therefore, appears that Scarboro has failed to keep the Court appraised of her current address, in violation of the Court's Local Rules. *See* S.D. Ga. L. Civ. R. 11.1 ("Each attorney

1

and *pro se* litigant has a continuing obligation to apprise the Court of any address change.").

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *G4 Gator, LLC v. Scott*, 2022 WL 1522450, at *1 (N.D. Fla. May 13, 2022) (remanding removed case because, among other reasons, removing defendant "failed to prosecute, and has failed to comply with an order of this Court."); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be **REMANDED** to the Magistrate Court of Effingham County, Georgia.[1]  *See, e.g., Deutsche Bank Tr. Co. Americas v. Garrett*,

---

[1] The Eleventh Circuit has recognized that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect." *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009). Scarboro's failure to include those pleadings and process would not, standing along, necessarily mandate remand. Her failure to respond to the Clerk's deficiency notice and comply with the Court's Local Rules, however, does.

2014 WL 12861739, at *1-*2 (N.D. Ga. Dec. 30, 2014) (remanding case for removing defendant's failure to comply with court orders).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 2nd day of June, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA